**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHAPPEL FAMILY PRACTICE, LLC, | ) | Case No. 6:14-bk-09588 |
| | ) | |
| Debtor. | ) | |

**MOTION FOR IMMEDIATE APPOINTMENT OF TRUSTEE**
**PURSUANT TO 11 U.S.C. § 1104(a) AND APPOINTMENT OF PATIENT CARE**
**OMBUDSMAN PURSUANT TO 11 U.S.C. § 333**

Shah Family, LLC ("**Shah Family**" or the "**Movant**"), by counsel, requests the entry of an Order pursuant to 11 U.S.C. §§ 1104(a) and 333 directing the Office of the United States Trustee to appoint an interim Chapter 11 Trustee to manage the assets and affairs of Chappel Family Practice, LLC ("**CFP**" or the "**Debtor**") and to appoint a Patient Care Ombudsman to monitor the quality of patient care and represent the interests of the patients of the Debtor. In support of its motion, the Movant states as follows:

JURISDICTION, PARTIES, AND BACKGROUND

1. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.

2. Debtor is a Florida limited liability company with its principal place of business at 222 Broadway, Kissimmee, FL 34741, and its registered agent for service of process pursuant to Fla. Stat. § 48.062 is Christopher Chappel ("**Chappel**"), at 222 Broadway, Suite 302, Kissimmee, FL 34741.

3. Movant is a secured creditor of Debtor with regard to two (2) different loans originally made to Debtor by Urban Trust Bank (a revolving loan and a term loan, and together,

the "**Loans**"). Movant became the assignee of the Loans and the related loan documents evidencing the Loans (the "**Loan Documents**") in July 2012.

4. Chappel personally guaranteed the obligations to Movant under the Loans, and the indebtedness due and owing to the Movant is secured by first priority liens on the equipment and accounts of the Debtor.

5. The Loans have matured, and the Debtor and Chappel have failed and refused to repay the indebtedness due and owing to the Movant.

6. Furthermore, both the Debtor and Chappel and their counsel ceased all communication with the Movant and Movant's counsel in July 2014, and as a result, on or about August 19, 2014, Movant filed a Complaint for Breach of Note, Breach of Guaranty and Foreclosure of Security Interests (the "**State Court Complaint**") against CFP, Chappel and a number of other parties who may claim an interest in the collateral that is the subject of the foreclosure count, in the Circuit Court for the 9th Judicial Circuit in and for Osceola County, thereby commencing Case No. 2014 CA 002517 CI (the "**State Court Lawsuit**").

7. On August 21, 2014 (the "**Petition Date**"), the Movant and four (4) other petitioners filed an involuntary bankruptcy petition against the Debtor pursuant to 11 U.S.C. § 303 thereby commencing the above-captioned case (the "**Bankruptcy Case**") under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

8. On August 22, 2014, the Movant filed a Notice of Bankruptcy Filing in the State Court Lawsuit providing notice to the Court and all parties of the commencement of the Bankruptcy Case against the Debtor, and its intent to proceed in the State Court Lawsuit against Chappel only. Movant's counsel also notified the clerk for the State Court Lawsuit regarding the need to hold issuance of the Summons to the Debtor in light of the pending Bankruptcy Case.

9. The Debtor was served with the Involuntary Petition and the related Summons for the Bankruptcy Case on or about August 29, 2014. The Debtor has not yet appeared in the Bankruptcy Case.

10. The Debtor is a health care business within the meaning of 11 U.S.C. § 101(27A), operating as a family medical practice in Kissimmee, Florida.

11. The Petitioners include the Movant, unsecured lenders, a professional service provider, and a landlord.

12. The Debtor has failed to make any payments to Movant since February 2014.

### RELIEF REQUESTED

13. By this Motion, the Movant seeks entry of an order appointing a Chapter 11 Trustee to oversee the assets and operations of the Debtor, and appointment of a Patient Care Ombudsman to monitor the quality of patient care and represent the interests of the patients of the Debtor.

### BASIS FOR RELIEF REQUESTED

14. The statutory bases for the relief requested in this Motion are §§ 105(a), 1104(a), and 333 of the Bankruptcy Code and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### Appointment of a Chapter 11 Trustee

15. Section 1104(a)(1) of the Bankruptcy Code provides, in relevant part, that the Court, at any time after commencement of the case but before confirmation of a plan, on request of a party in interest, after notice and a hearing, shall order the appointment of a trustee "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar

cause … [.]" emphasis added. *See also In re Marvel Enter. Group, Inc.*, 140 F.3d 463, 47 (3rd Cir. 1998).

16. As an alternative, Section 1104(a)(2) provides that the Court shall appoint a trustee "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets of liabilities of the debtor."

17. The Court also has the authority to appoint a trustee *sua sponte*. *See In re Bibo*, 76 F. 3d 256. 258-59 (9th Cir. 1996).

18. Upon information and belief, the assets of the Debtor securing the obligations to Movant, and otherwise available to other creditors of the Debtor, are at significant risk of dissipation. Based on financial records that have been received by the Movant, income sources that were previously identified on the Debtor's financials have disappeared, yet the activities previously generating such income have continued.

19. Upon information and belief, the Debtor has experienced significant turnover in medical professionals in the last several months.

20. Upon information and belief, the Debtor has not filed its 2013 federal tax return.

21. As set forth above, the Debtor and Debtor's counsel ceased communications with the Movant and Movant's counsel in July 2014.

22. Pursuant to the Loan Documents, Movant was and is entitled to a variety of financial reporting. The latest financial information provided to Movant was dated through December 31, 2013.

23. The only way the Debtor's assets can be accurately determined and preserved for the benefit of creditors of the Debtor's estate is for control of the business and the assets to be

turned over to a Chapter 11 Trustee. Without the appointment of a Chapter 11 Trustee, no creditor of the Debtor will be adequately protected in this bankruptcy.

24. Based upon the foregoing allegations, the Movants request that the Court order and direct the U.S. Trustee to appoint a trustee in this case to manage the affairs of the Debtor and to protect the going concern value of the Debtor and preserve any further dissipation of assets.

### Appointment of a Patient Care Ombudsman

25. As set forth above, the Debtor is a "health care business" within the meaning set forth in the Bankruptcy Code. Section 333 of the Bankruptcy Code provides that "[i]f the debtor in a case under chapter 7, 9, or 11 is a health care business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case."

26. In the instant case, the thirty (30) day time period following commencement of the case expires on September 20, 2014. To date, no evidence has been offered to indicate that appointment of a patient care ombudsman is not necessary for the protection of patients.

27. Furthermore, in the event the Court grants the request for appointment of a Chapter 11 Trustee, a Patient Care Ombudsman should be appointed to protect the interests of patients of the Debtor, to preserve the going concern value of the Debtor, and to aid the Chapter 11 Trustee in conducting operations of this health care business.

WHEREFORE, based on the foregoing, the Movant respectfully requests the entry of an Order: (1) finding that cause exists under 11 U.S.C. § 1104(a) for the appointment of a Chapter

11 Trustee; (2) directing the U.S. Trustee to immediately appoint a trustee in this case; (3) appointing a Patient Care Ombudsman pursuant to 11 U.S.C. § 333, and (4) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of September, 2014,

      /s/ Wendy D. Brewer
Wendy D. Brewer, Fla Bar No. 0057746
JEFFERSON & BREWER, LLC
P.O. Box 6277
11781 Belle Plaine Blvd., Suite 200
Fishers, IN 46037
Telephone: 317.215.6220, ext. 701
Mobile Phone: 317.409.8828
E-mail: wbrewer@jeffersonbrewer.com
*Attorneys for Shah Family, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Motion for the Immediate Appointment of a Trustee and for Appointment of a Patient Care Ombudsman* was filed electronically this 10th day of September, 2014. Notice of this filing will be sent to all parties registered to receive such notice by operation of the Court's electronic filing system. I hereby further certify that I caused a copy of the foregoing *Motion* to be served via U.S. Mail, First Class, Postage Pre-Paid upon parties that are not registered to receive notice by operation of the Court's electronic filing system at their respective addresses listed on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

      /s/ Wendy D. Brewer
Wendy D. Brewer